IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00028-BNB

DELISE ROSS,

    Plaintiff,

v.

DEPUTY AMON,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 03 2010

GREGORY C. LANGHAM
CLERK

ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Delise Ross, filed *pro se* a complaint. On February 10, 2010, Magistrate Judge Boyd N. Boland ordered Ms. Ross to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 2, 2010, Ms. Ross filed an amended complaint.

The Court must construe the amended complaint liberally because Ms. Ross is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Ross will be directed to file a second and final amended complaint.

The Court has reviewed Ms. Ross's amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed Ms. Ross in

the February 10 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He also explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Ross's amended complaint suffers from some of the same deficiencies as the complaint she originally filed. The amended complaint fails to comply with Fed. R. Civ. P. 8(a)(1) by failing to assert jurisdiction pursuant to any statutory authority. *See* amended complaint at 2, ¶ 4. The amended complaint does not contain a demand for the relief sought. *See* Fed. R. Civ. P. 8(a)(3).

The amended complaint is vague. The amended complaint also is difficult to

read, in large part because Ms. Ross's handwriting. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be legible. *See* D.C.COLO.LCivR 10.1G. The second amended complaint Ms. Ross will be directed to file, if handwritten, shall be written legibly.

In the amended complaint, Ms. Ross alleges that Deputy Amon subjected her to excessive force, that the incident occurred in the court of an arrest, and that she suffered from a severe headache as a result of the physical abuse she suffered. However, she fails to allege, when and where the incident took place and what, if any, constitutional rights were violated.

Ms. Ross fails to understand that it is her responsibility to present her claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. Ms. Ross must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

As Magistrate Judge Boland explained in the February 10 order for an amended complaint, in order to state a claim in federal court, Ms. Ross "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Ross will be given a final opportunity to cure the deficiencies in her amended complaint by submitting a second and final amended complaint that complies with Fed. R. Civ. P. 8 and that asserts all her claims and supporting allegations without requiring the Court or the Defendant to reference other papers filed in this action. She will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Delise Ross, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Ross, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Ross fails to file a second and final amended

complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED March 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00028-BNB

Delise Ross
79 Del Mar Circle
Aurora, CO 80011

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 3/3/10

GREGORY C. LANGHAM, CLERK

By: /s/
   Deputy Clerk