IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00028-CMA-KLM

DELISE ROSS,

      Plaintiff,

v.

DEPUTY AMON,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment**

[Docket No. 25; Filed March 18, 2011] (the "Motion").  Plaintiff, who is proceeding *pro se*,

filed a Response [Docket No. 29] in opposition to the Motion on April 25, 2011.  Defendant

has not filed a Reply.  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C,

the Motion has been referred to this Court for a recommendation regarding disposition.

The Court has reviewed the pleadings, the entire case file, and the applicable law, and is

sufficiently advised in the premises. For the reasons set forth below, the Court respectfully

**RECOMMENDS** that the Motion [#25] be **GRANTED**.

**I.  Summary of the Case**

On January 7, 2010, Plaintiff filed her initial Complaint [Docket No. 3].  On March 29,

2010, Plaintiff filed an Amended Complaint [Docket No. 10] in which she claims that

Defendant violated some of her unspecified "constitutional rights" by using "unnecessary

excessive force" against her following her arrest on December 9, 2009.[1]  *Amended*

*Complaint* [#10] at 3.  Plaintiff's claim is based on the following facts.  On December 9,

2009, Plaintiff went to the Adams County Justice Center to post a cash bond "for a warrant

[for] failure to appear."  *Response* [#29] at 2; *see Amended Complaint* [#10] at 2 (stating

that Plaintiff went to the Justice Center to "pay a fine").  While Plaintiff was in the process

of posting the bond, the clerk with whom she was dealing contacted the Adams County

Sheriff's Office to request that she be arrested.  *Amended Complaint* [#10] at 2 ("Instead

of them allowing me to pay my fine, I was unnecessarily arrested."); *see Motion* [#25] at 2

("While Plaintiff was attempting to pay her costs/fines, the court clerk experienced computer

problems that prohibited her from processing the payment.  The court clerk contacted the

Sheriff's Office to have Plaintiff arrested until her payment of costs/fines could be

processed.").  Defendant and another female Adams County police officer arrived at the

clerk's window and arrested and handcuffed Plaintiff.  *Amended Complaint* [#10] at 4; *see*

*Motion* [#25] at 2-3.

After Plaintiff was arrested, Defendant and her colleague "escorted Plaintiff from the

clerk's window to [an] elevator" used to reach an arrestee holding facility in the Justice

Center's basement.  *Motion* [#25] at 3.  Once inside the elevator, Defendant "instructed

Plaintiff to face the wall."  *Id.*  Defendant then "pushed Plaintiff up against the wall of the

elevator and forced her to face forward, away from Defendant's weapon."  *Id.*; *see also id.*

at 6 ("It is undisputed that Defendant pushed Plaintiff up against the wall of the elevator as

---

[1] In her Response, Plaintiff clarifies her claim to be that Defendant violated the rights guaranteed to her by the Fourth Amendment to the United States Constitution.  *Response* [#29] at 2.

she escorted Plaintiff to the arrestee holding area."). Plaintiff alleges that Defendant used "unnecessary" and "excessive" force and exhibited "brutality" in the elevator. *Amended Complaint* [#10] at 3. Plaintiff states that Defendant "pushed [her] head against the elevator walls" and gave her "several pushes into [her] chest." *Id.* She alleges that she "suffered severe headache from [her] head being unnecessarily pushed up against the elevator walls." *Id.* The interaction between Defendant and Plaintiff in the elevator was captured on a video recording, which has been submitted to the Court as Exhibit B [Docket No. 25-2] to the Motion. *See Motion* [#25] at 7 ("The video tape shows Plaintiff's arrest and escort to the holding area."); *Affidavit of Cindy Amon* [Docket No. 25-1] at 1, ¶ 4 ("Exhibit B to Defendant's Motion for Summary Judgment depicts an accurate representation of the events of December 9, 2009."); *Response* [#29] at 3 ("Hopefully the people will review the video tape that has been submitted to the Court.").

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material

fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.  *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Amended Complaint [#10] and Response [#29], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court

"supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct

a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.

1997) (citing *Hall*, 935 F.2d at 1110).   In addition, *pro se* litigants must follow the same

procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.

1994).

### III.  Analysis

Plaintiff claims that Defendant violated the rights guaranteed to her by the Fourth

Amendment by using excessive force against her while she was in custody.  *See supra* n.1.

Defendant contends that any force used against Plaintiff after her arrest was objectively

reasonable under the totality of the circumstances.

The Fourth Amendment provides that "[t]he right of the people to be secure in their

persons . . . against unreasonable searches and seizures shall not be violated."  U.S.

Const. amend. IV.   "The Fourth Amendment's freedom from unreasonable searches and

seizures encompasses the plain right to be free from the use of excessive force in the

course of an arrest."  *Graham v. Conner*, 490 U.S. 386, 394-95 (1989).  Further, "[c]laims

of post-arrest excessive force are [also] governed by the objective reasonableness

standard of the Fourth Amendment."  *Corder v. Denver*, 229 F.3d 1162, 2000 WL 1234846,

at *3 (10th Cir. Aug. 31, 2000) (unpublished table decision) (citing *Graham*, 490 U.S. at 395

("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in

the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be

analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than

under a 'substantive due process' approach."); *Fromhander v. Wayne*, 958 F.2d 1024, 1026

(10th Cir. 1992)).

"The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 599 (1979). Thus, to determine whether the force used by law enforcement officers was "unreasonable" within the meaning of the Fourth Amendment, the Court considers "the totality of the circumstances." *Tennessee v. Garner*, 471 U.S. 1, 9 (1985); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("In evaluating an excessive force claim, courts are to consider the totality of the circumstances."). This means that the Court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The Court also must view the officers' actions "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). Finally, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

"'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id.* at 396-97; *see also Jiron*, 392 F.3d at 414 ("[O]fficers are not required to use alternative, less intrusive means if their conduct is

objectively reasonable." (citing *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001)). The Court of Appeals for the Tenth Circuit has held that "a claim of excessive force requires some actual injury that is not de minimis, be it physical or emotional." *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007); *see also id.* at n.24 ("[P]roof of physical injury manifested by visible cuts, bruises, abrasions or scars, is not an essential element of an excessive force claim, though the absence of injury in the context of the totality of the circumstances may suggest the absence of excessive force." (citing *Holland ex rel. Overdorff v. Harrington*, 268 F. 3d 1179, 1195 (10th Cir. 2001))).

"Whether an officer's actions are objectively reasonable in light of stipulated facts 'is a pure question of law.'" *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007)); *United States v. Gordon*, 168 F.3d 1222, 1225 (10th Cir. 1999) ("[T]he ultimate determination of reasonableness under the Fourth Amendment is a question of law[.]" (citing *United States v. Hunnicut*, 135 F.3d 1345, 1348 (10th Cir. 1998))).  In this case, the accuracy of the video recording, Exhibit B, submitted by Defendant is uncontested.  Further, none of Plaintiff's factual allegations regarding Defendant's conduct are disputed.  Accordingly, the Court finds that there is no genuine issue of material fact with respect to Defendant's conduct.  The only issue in this case is a legal one, i.e., whether Defendant's conduct as depicted in Exhibit B was objectively reasonable under the circumstances.

Exhibit B depicts the following scenes.  At 10:04:32 a.m. on December 9, 2009, Plaintiff was standing at Court Clerk window number 1 in the Adams County Justice Center. At approximately 10:05:17 a.m., Defendant and another female officer of the Adams County Sheriff's Department arrived at the window and began observing Plaintiff as she

interacted with a male officer of the Adams County Sheriff's Department.  At approximately

10:05:37 a.m., Defendant and her female colleague approached Plaintiff to place her under

arrest.   The two officers spoke with Plaintiff for approximately thirty-five seconds.   At

10:06:13 a.m., Plaintiff stepped away from the window and Defendant raised her right hand

to Plaintiff's chest in a manner indicating that Plaintiff should stop and stay put.  Almost

immediately, Plaintiff swiped at Defendant's outstretched arm with her left hand. Defendant

pulled her hand back from Plaintiff's chest.  Plaintiff then extended her arms behind her

back and was handcuffed by Defendant's female colleague.  At approximately 10:06:33

a.m., the two female officers escorted Plaintiff away from the window and down an adjacent

hallway toward a bank of elevators.

At 10:06:50 a.m., Plaintiff entered an elevator and was closely followed by the two

female officers.  Plaintiff was ushered to the back wall of the elevator and faced the back

wall.  Plaintiff looked back over her right shoulder at Defendant as Defendant was  pushing

the elevator buttons.  As the elevator doors closed, Plaintiff turned her body to the right,

away from the back wall of the elevator and toward Defendant.  When Defendant saw that

Plaintiff had turned her body away from the back wall of the elevator, she immediately

moved to push Plaintiff against the wall.   At approximately 10:06:56 a.m., Defendant

extended her right arm and grabbed Plaintiff's right shoulder.  Defendant exerted force on

Plaintiff's shoulder to turn Plaintiff's body back toward the back wall of the elevator.  For the

next thirteen seconds, Defendant and her colleague pushed Plaintiff against the back wall

of the elevator and held her there.  At approximately 10:07:01 a.m., Defendant raised her

right hand very quickly and pushed Plaintiff's head against the wall.  At 10:07:11 a.m., the

two officers escorted Plaintiff out of the elevator.  Plaintiff and the two officers were together

in the elevator for a total of twenty-one seconds.

After carefully reviewing Exhibit B, the Court finds that Defendant's conduct was objectively reasonable under the circumstances. Defendant was armed and in a very small enclosed space – an elevator – with an arrestee who was visibly angry with having been arrested. Prior to entering the elevator, Plaintiff had demonstrated her anger and her potential to be non-cooperative by swiping at Defendant's arm. Under these obviously tense circumstances, it was reasonable for Defendant to exert some physical force to restrict Plaintiff's field of vision and ability to move around during the brief elevator ride. Defendant states in an affidavit that she pushed Plaintiff against the back wall of the elevator out of concern for her safety and the safety of her fellow officer: "I believed that Plaintiff was showing signs of resistance and was looking at my firearm. I pushed Plaintiff up against the wall of the elevator and forced her to face forward, away from my weapon." *Affidavit of Cindy Amon* [#25-1] at 2. Defendant's statement is consistent with Exhibit B, and Plaintiff has not provided any evidence that contradicts or casts doubt upon the statement. "[T]he [Supreme] Court has repeatedly warned [the lower federal courts] against 'unrealistic second-guessing' of police judgments." *Cortez*, 478 F.3d at 1138 (Gorsuch, J., concurring in part and dissenting in part) (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985)). Mindful of this admonition, the Court concludes that Defendant has adequately justified her conduct.

Moreover, the Court agrees with Defendant that the "'push' or 'shove' of Plaintiff was not excessively rough or violent." *Motion* [#25] at 7. Plaintiff has failed to allege that she suffered "some actual injury that is not de minimis" as a result of being pushed against the elevator wall. *Cortez*, 478 F.3d at 1129. Plaintiff alleges only that she "suffered severe

headache." *Amended Complaint* [#10] at 3.  The Court finds that "[t]his is insufficient, as a matter of law, to support an excessive force claim" as pushing Plaintiff against the wall was otherwise justified.  *Id.*; *see also id.* (finding that the fact that "handcuffs left red marks that were visible for days" on a plaintiff's arms did not establish that plaintiff had suffered an actual injury).  The Court concludes that Defendant did not violate the Fourth Amendment.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's **Motion  for Summary Judgment** [#25] be **GRANTED** and judgment be entered in favor of Defendant and against Plaintiff.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 5, 2011

                              BY THE COURT:

                               s/ Kristen L.  Mix
                              Kristen L.  Mix
                              United States Magistrate Judge